UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHRISTOPHER MCCORMICK, ) | |
| ) | Case Nos. 1:15-cr-85 |
| *Petitioner*, ) | 1:16-cv-311 |
| ) | |
| v. ) | Judge Travis R. McDonough |
| ) | |
| UNITED STATES OF AMERICA, ) | Magistrate Judge Susan K. Lee |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 29.) He bases the request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague. (*Id.*) The United States responded in opposition on August 18, 2016. (Doc. 30.) Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons that follow, the petition (Doc. 29) will be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I. BACKGROUND

Petitioner pled guilty to, and was subsequently convicted of, possessing with intent to distribute at least fifty grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). (Docs. 14, 19, 27.) He was sentenced to 108 months' imprisonment and four years' supervised release on March 31, 2016. (Doc. 27.) No direct appeal was taken. On July 22,

2016, Petitioner submitted the instant motion challenging his sentence in light of *Johnson*.[1]

(Doc. 29.)

## II. ANALYSIS

Petitioner's argues that he no longer possesses predicate offenses sufficient to support categorization as an armed career criminal under the ACCA, career-offender under Section 4B1.1 of the United States Sentencing Guidelines, or an enhanced base offense level under Section 2K2.1(a) of the same. His argument fails, however, because the record conclusively demonstrates that he was never subjected to any of these provisions.[2] (*See generally* Presentence Investigation Report; Docs. 14, 19, 27.) *Johnson* has no impact on Petitioner's

---

[1] This Court finds that it need not determine whether the petition was filed within the one-year window for requesting timely collateral relief under § 2255(f) because, even if it was so filed, the motion fails as a matter of law.

[2] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

2

sentence or conviction; Petitioner has failed to establish that the same were imposed in contravention of the laws of the United States.

### III. CONCLUSION

For the reasons discussed, Petitioner's § 2255 motion (Doc. 29) will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

*/s/Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**